Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Ashley Haskett*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No. 22-00010-ELG |
| Ashley Nicole Haskett, | Chapter 13 |
| Debtor. | |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
(208 FARRAGUT STREET NW #F-205, WASHINGTON, DC 20011)**

Comes now Ashley Nicole Haskett ("Ms. Haskett" or the "Debtor"), by and through

undersigned counsel, in opposition to the motion for relief (the "Motion"), DE #38, filed by

Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Newrez") states as follows:

**I.    Introduction**

Newrez is owed slightly over $134,000.00 on a cooperative housing unit (the "Condo")

valued at $147,500.00, yet, based on just over $3,000.00 in missed payments—some of which

have already been caught up—seeks relief from the automatic stay on the theory Newrez is

somehow without adequate protection. This contention is supported by neither fact nor law and,

as such, the Motion merits denial.

To the extent Newrez disputes the value of the Condo—as established on the Debtor's

schedules in this case and as echoed by Newrez in the Motion itself—an evidentiary hearing as to

the value thereof is required *sub judice*. Ms. Haskett's schedules place Newrez in a fully secured

position with an equity cushion of more than 10%. It is difficult to believe—years into this case—

that the asset's value has so grossly diminished as to change this posture and, equally, it is facially

troubling that the Motion never so much as challenges the seemingly-established value of the

lender's security while, instead, making *ipso facto* assertions about an alleged lack of adequate

protection.

## II.      Standard

The Motion is premised upon section 362 of title 11 of the United States Code. *See* Motion,

DE #38, at preamble. Unfortunately, the movant never actually identifies which subsection thereof

informs the relief being sought. *Id.*, *passim*. However, assuming Newrez intends to rely upon

subsection (d)(1-2), the same permits:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
> (A) the debtor does not have an equity in such property; **and**
>
> (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d) (emphasis added).

## III.      Local Rule 4001-1(f) Recitations

Pursuant to Local Rule 4001-1(f), Ms. Haskett answers the Motion as follows, with her

defenses being asserted in Sections IV and V of this brief:

1.      Admitted.

2.      Admitted.

2

3.      Admitted that the note was executed and delivered, and further admitted that the amount indicated was the original principal sum thereof, but denied to the extent Newrez suggests the sum indicated to be the extant principal sum (and, no doubt, Newrez is not so asserting intentionally, insofar as a detailed payoff breakdown is set forth later in the Motion).

4.      Admitted (inclusive of the footnote accompanying this paragraph).

5.      Ms. Haskett is without information sufficient to admit or deny the details of the loan balance breakdown but, equally, does not believe the allegations to be facially suspect aside from observing that the payoff sum ought not be classified as a "Minimum Outstanding Obligation" insofar as such verbiage wrongfully implies the promissory note to have matured and the full payment thereof to be an "outstanding" obligation as opposed to merely an "obligation" pursuant to an unmatured note.

6.      Admitted.

7.      Ms. Haskett is without information sufficient to admit or deny the allegations of paragraph 7 of the Motion and therefore denies the same.

8.      Admitted.

9.      Denied.

10.      Ms. Haskett is without information sufficient to admit or deny the allegations of paragraph 10 of the Motion and therefore denies the same.

**IV.    Argument: Newrez is Adequately Protected**

Quite plainly, Newrez claims to be due $134,060.16 on a loan secured by a $147,500.00 property. Newrez acknowledges—and even relies on—the Condo value asserted by Ms. Haskett. *See* Motion, DE #38, at ¶ 8. So there does not appear to be any dispute but that the asset is worth well more than is owed. And the evidence will thusly show Newrez to be adequately protected.

3

As observed by a neighboring court, "[w]hile 'adequate protection' is not defined by the Bankruptcy Code, whether a particular secured creditor is adequately protected is a determination to be made on a case-by-case basis and is within the discretion of the Court." *In re Franklin Equip. Co.*, 416 B.R. 483, 522–23 (Bankr. E.D. Va. 2009) (citing *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citing *In re O'Connor*, 808 F.2d 1393, 1397 (10th Cir. 1987))).

This Honorable Court, as far back as the era of Judge Bason, has found a "substantial value cushion" above that of a moving trust holder, among other factors, to militate in favor of denying relief under Section 362(d)(1) of the Bankruptcy Code. *In re Wright*, 51 B.R. 669, 671 (Bankr. D.D.C. 1985). Indeed, "[c]ase law under the Bankruptcy Code has held that adequate protection under section 361 can be provided by an equity cushion." *In re 5-Leaf Clover Corp.*, 6 B.R. 463, 466 (Bankr. S.D.W. Va. 1980) (citing *In re Rogers Development Corp.*, 2 B.R. 679 (Bankr. E.D. Va. 1980); *In re Pitts*, 2 B.R. 476 (Bankr. C.D. Cal. 1979); *In re Blazon Flexible Flyer, Inc.*, 407 F.Supp. 861 (N.D. Ohio 1976)).

Here, it appears an equity cushion exists. And there accordingly exists adequate protection for the lender's claim against the Debtor. The Motion should be thusly denied as to relief under section 362(d)(1) of the Bankruptcy Code.

V.      **Argument: The Debtor Has Equity In the Property and a Home is Needed to Reorganize**

For much the same reason denial is appropriate under section 362(d)(1), denial is, too, appropriate under section 362(d)(2) of the Bankruptcy Code. The latter provision allows relief from the automatic stay only if, conjunctively, there is both an absence of need for the at-issue property to support an effective reorganization *and* "the debtor does not have any equity in such property." 11 U.S.C. § 362(d)(2). Here, Ms. Haskett has equity in the collateral. *See, supra,* § IV.

Moreover, the Condo is Ms. Haskett's principal residence and thusly necessary for an effective reorganization. As succinctly noted by one sister court: "If the home is not saved, the Chapter 13 reorganization is not effective." *In re Elmore*, 94 B.R. 670, 677 (Bankr. C.D. Cal. 1988). *See also In re McNeely*, 366 B.R. 542, 545 (Bankr. N.D.W. Va. 2007) ("A home residence and an automobile are typical items in a Chapter 13 case that are necessary for a debtor's reorganization.") (citing *Grundy Nat'l Bank v. Stiltner*, 58 B.R. 593, 596 n.1 (W.D. Va. 1986); *In re Elmore*, 94 B.R. at 677; *In re Rogers*, 65 B.R. 1018, 1021 (Bankr. E.D. Mich. 1986)).

As noted above, it is not clear that Newrez seeks relief under section 362(d)(2). In fact, it is not clear under which provision of section 362 Newrez seeks relief (other than to safely surmise Newrez is not alleging this to be a single asset real estate case). But to the extent the Motion is premised upon a subsection (d)(2) argument, the same is facially inapplicable to a consumer case where the encumbered asset is the Debtor's principal residence.

## VI.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) set an evidentiary hearing upon the Motion; (ii) deny the Motion following the evidentiary hearing; and (iii) afford such other and further relief as may be just and proper.

Dated:  March 3, 2026

Respectfully Submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, Suite 500
Washington, DC 20036
Telephone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig